AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal

# United States District Court
## District of Maine

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**
For Offenses Committed On or After November 1, 1987)

V.
JOEL WETMORE
(Name of the Defendant)

Case Number 1:00-CR-23-B-C-01
Entered on Docket: 10-31-00

David Gray, Esq.
Defendant's Attorney

**THE DEFENDANT:**
☒ Pleaded guilty to counts 1 and 2
☐ Pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☐ Was found guilty on count(s) _____
   after a plea of not guilty.

☐ The defendant has been found not guilty on count(s) _____
☒ Count 3 is dismissed on the motion of the United States

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §2252A(a)(2)(A) | Receipt of Child Pornography | 06/05/1999 | 1 |
| 18 USC §2252A(a)(5)(B) | Possession of Child Pornography | 10/23/1999 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 03/18/1956

Defendant's USM No.: 10879-036
Defendant's Residence Address:
Maine Correction Center
P. O. Box 250
So. Windham, Maine 04062

October 25, 2000
Date of Imposition

Signature of Judicial Officer

Gene Carter, United States District Judge
Name & Title of Judicial Officer

10/57/00
Date

Defendant's Mailing Address

A TRUE COPY
ATTEST: William S. Brownell, Clerk
By _____
   Deputy Clerk

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

DEFENDANT: JOEL WETMORE  
CASE NUMBER: 1:00-CR-23-B-C-01

Judgment-Page 2 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>eighty-seven (87) months on Counts I and II, said terms to be served concurrently.</u>

The defendant shall receive credit for time spent in presentence detention.

☒ The cost of incarceration fee is waived.

☒ The court makes the following recommendations to the Bureau of Prisons: That the Defendant serve the incarceration term of his sentence at a facility that offers Sexual Offender Treatment.

☒ The defendant is remanded to the custody of the United States Marshal to be returned to state custody pending completion of execution of his state sentence.

☐ The defendant shall surrender to the United States Marshal for this district,
  ☐ at _____ a.m./p.m. on _____.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
  ☐ before 2 p.m. on _____.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:
Delivered to NH AL 5-7-03 /s/ Held DUSM D/ME

Defendant delivered on 6-12-03 to FCI RBK
at MA with a certified copy of this judgment

By _____  
United States Marshal  
Deputy Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release 

DEFENDANT: JOEL WETMORE  
CASE NUMBER: 1:00-CR-23-B-C-01

Judgment-Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years, on Counts I and II, said terms to be served concurrently.</u>

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release 

DEFENDANT:     JOEL WETMORE                                               Judgment- Page 4 of 7
CASE NUMBER:   1:00-CR-23-B-C-01

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall not commit another federal, state, or local crime.

2. Defendant shall fully abstain from use or possession of all contraband substances and intoxicants during the period of his Supervised Release; and shall participate in a program of drug and alcohol abuse therapy to the satisfaction of the supervising officer during the period of his Supervised Release, which may include testing to determine if the defendant has made use of drugs or intoxicants. The mandatory drug-testing condition is suspended based on the Court's determination that Defendant poses a low risk of future substance abuse.

3. Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Defendant shall pay/co-pay for services provided during the course of such treatment, to the supervising officer's satisfaction.

4. Defendant shall at all times during his period of Supervised Release readily submit to a search of his residence, and of any other premises under his dominion and control, by his supervising officer, upon the officer=s request when the officer has reasonable basis to believe that such a search will lead to the discovery of evidence of the defendant=s violation of the terms of his supervised release. See U.S. v. Giannetta, 909 F.2d 571 (1st Cir. 1990). Failure to submit to such a search may be grounds for revocation; Defendant shall warn any other residents or persons occupying the premises reasonably to be known by Defendant in advance to be subject to search that the premises may be subject to searches and seizures pursuant to this condition.

5. Defendant shall not possess or use a computer to access an Aonline computer service@ at any location, including his employment, without prior approval of the U.S. Probation Office. This includes any Internet service provider, bulletin board system or any other public or private computer network.

6. Defendant shall consent to the U.S. Probation Office conducting periodic unannounced examinations of his computer(s) equipment, which may include hardware, software, and copying of all data from his computer(s). This also includes removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

7. Defendant shall provide personal and business telephone records to the U.S. Probation Officer as directed.

8. Defendant shall not own or possess any firearm, as defined in 18 U.S.C. §921, or other dangerous weapon, or knowingly be at any time in the company of any person known by him to possess any firearm or other dangerous weapon.

9. Defendant shall not have any contact with minors under the age of eighteen (18), except under supervision as directed by the supervising officer.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: JOEL WETMORE
CASE NUMBER: 1:00-CR-23-B-C-01

Judgment-Page 5 of 7

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| **Totals:** | $200.00 |      |             |

If applicable, restitution amount ordered pursuant to plea agreement .............................. $_____

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $0.00.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. ' 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. ' 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ The interest requirement is waived.
　　☐ The interest requirement is modified as follows:

### RESTITUTION

☐ The defendant shall make restitution to the following payees in the amounts listed below.

☐ The interest requirement is waived.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|------------------------------------------|
| **Totals**    | $ 0.00                 | $ 0.00                        | 0.00                                     |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

DEFENDANT:     JOEL WETMORE
CASE NUMBER:   1:00-CR-23-B-C-01

Judgment-Page 6 of 7

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☒ in full immediately; or

B ☐ $_____ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than _____; or

D ☐ in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
Special instructions regarding the payment of criminal monetary penalties:

Any amount that the defendant is unable to pay now shall be paid in monthly installments, to be initially determined in amount by the supervising officer, during the period of his/her supervised release, subject always to review by the sentencing judge on request by either party.

☐ The defendant shall pay the cost of prosecution.

## FORFEITURE

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245R (Rev. 8/96) Sheet 6 - Statement of Reasons

DEFENDANT:     JOEL WETMORE
CASE NUMBER:   1:00-CR-23-B-C-01

Judgment-Page 7 of 7

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary): The Court applies a 2 level enhancement pursuant to USSG §262.2(b)(5).

**Guideline Range Determined by the Court:**

Total Offense Level: 27

Criminal History Category: III

Imprisonment Range 87 to 108 months

Supervised Release Range: 3 to 5 years

Fine Range: $12,500 to $ $125,000

    ☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $_____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. ' 3663(d).

    ☐ For offenses committed on or after September 13, 1994, but before April 23, 1996, that require the total amount of loss stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

    ☐ Partial restitution is ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☐ The sentence departs from the guideline range:

    ☐ upon motion of the government, as a result of defendant's substantial assistance.

    ☐ for the following specific reason(s):