```
              THE UNITED STATES COURT FOR
              THE DISTRICT OF MASSACHUSETTS

                     Eastern Division
                 Docket No. 1:07-cv-12058-PBS

              ----------------------------

              THE UNITED STATES, Petitioner,

                            v.

              JOEL WETMORE, Respondent.

              ==========================
```

RESPONDENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR JUDGMENT AS A MATTER OF LAW.

================================================================

## INTRODUCTION.

This matter came before the Court on the petition of the United States (Government) to commit the Respondent to the custody of the Attorney General as a sexually dangerous person pursuant to 18 U.S.C. §4248(d). After closing argument, the Court directed counsel to brief the issue of the lawfulness of Respondent's custody at the time the Government filed its petition.

## ISSUE PRESENTED.

**Did The Government Prove, By Clear And Convincing Evidence, That The Respondent Was In The Lawful Custody Of The United States At The Time It Filed Its Petition To Commit Him?**

STATEMENT OF THE CASE.

A petition for the civil commitment of an individual implicates fundamental liberty interests.

The Respondent has made diligent efforts to address the errors in presentence detention credit from December 2000 onward. See Respondent's Exhibits 1 – 3. When the Government filed its petition to commit the Respondent on November 17, 2006, it certified that the Respondent was in the Government's legal custody. 42 U.S.C. §4248(a).

By certifying that the Respondent was a sexually dangerous person, the Government opened the door to a renewed challenge of this issue and placed jurisdiction over it in the hands of this Court.

Various factors complicate the issue of presentence detention. They are:

1. There were concurrent sentences imposed by the state court and by the United States District Court in Maine.
2. The state and federal sentences were for relevant conduct.
3. No one seemed to realize or to acknowledge that the original charge involved relevant conduct.

4. The Bureau of Prisons overlooked the fact that the United States District Court intended to have the state and federal sentences run concurrently.

5. The Bureau of Prisons delayed for three years before it addressed issues of concurrency or credit for presentence detention. See Respondent's Exhibit 3.[1]

6. The United States Sentencing Guidelines (USSG), §5G1.3(b), Imposition of a Sentence Upon a Defendant Subject to an Undischarged Term of Imprisonment, is applicable because

    a. An undischarged term of imprisonment resulting from a State revocation of a State sentence existed.

    b. The revocation of State probation was a direct result of and due only to the instant offense, the federal criminal charge of possession of child pornography on a computer.

    c. The United States District Court Judge ordered concurrent terms of imprisonment.

    d. The prior State offense (Gross Sexual Misconduct) was relevant conduct to the instant offense (Possession of Child Pornography) that resulted in

---

[1] The Respondent understands that the delay foreclosed a sentence challenge pursuant to Fed.R.Crim.P., 33, because of the two-year statute of limitations.

an increase in the offense level for the instant offense. See Attachment 1 (Reason for Amendment, USSG §5G1.3). It should be noted that the amendment's stated purpose is to clarify, not change, the rule to "address conflicting litigation."

STATEMENT OF FACTS.

The Respondent repeats as if fully set forth herein and incorporates by reference the facts and transcript references set forth in Respondent's Requests For Findings of Fact and Rulings of Law previously filed.

In addition, the Respondent says that:

1. The Respondent was on probation from 1995 until his current arrest by United States Customs agents on October 22, 1999.

2. On February 14, 2000, the Respondent's probation was revoked due to "new criminal conduct." The new criminal conduct was possession of child pornography, the conduct relevant to the instant offense.

3. On October 25, 2000, the Respondent was sentenced in the United States District Court for the District of Maine to a current term of imprisonment in accordance with USSG §5G1.3(b).

4. The Respondent contends that because the probation revocation had been the result of relevant Federal conduct

and had resulted in an increase in offense level, and the sentence had been ordered to run concurrently, USSG §5G1.3(b)(1) applies and requires the sentencing court to "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons."

5. In dispute are at least one hundred forty-three to two hundred fifty-three days from February 14, 2000, to October 25, 2000, to which the Respondent is entitled pursuant to USSG §5G1.3(b)(1).

6. By reason of the Bureau of Prisons' failure to credit him with at least one hundred forty-three to two hundred fifty-three days to which he is entitled, the Respondent was deprived of a fundamental and substantial liberty interest.

7. Had the Bureau of Prisons properly applied the credit for at least one hundred forty-three to two hundred fifty-three days of pretrial detention, the Respondent's release date would have been between  February 20, 2006, and June 30, 2006, between one and five months before 18 U.S.C. §4248, Pub. L. 109–248, Title III, §302(4), was by the President on July 27, 2006. 2006 WL 2076691 (White House).

8. Likewise, the U.S. Marshals Service (USMS) prisoner tracking system also demonstrates that the Respondent is entitled to credit for days that was "in the custody of" or "boarded" by the USSM.

9. According to the USSM's chronological prisoner history report in evidence in this case, the Respondent was in the custody of and boarded by the USSM from February 14, 2000, and October 25, 2000.

10. Properly applied credit for the one hundred forty-three days during which the USSM took custody of and boarded the Respondent generates a release date on or before June 30, 2006, some twenty-eight days before the President signed 18 USC §4248 on July 27, 2006.[2]

ARGUMENT.

I.

**Because 18 U.S.C. §4248 Establishes Lawful Custody As A Condition Precedent To The Filing Of A Petition To Commit, And The Government Has Failed To Prove By Clear And Convincing Evidence That Respondent Was Lawfully In The Custody Of The Government At The Time The Petition Was Filed, The Court Lacks Subject Matter Jurisdiction Over This Matter, So The Government's Petition Should Be Dismissed.**

Title 18 U.S.C. §4248 (the statute) permits the Government to petition to commit only those in the lawful custody of the

---

[2] The amount of good-time the Respondent received was not put into evidence. However, he would have been entitled to up to fifty-four days of good time per year pursuant to 18 U.S.C. §3624(b).

United States at the time the petition is filed. The statute provides in pertinent part that

> **(a) Institution of proceedings.**--In relation to a person who is in the custody of the Bureau of Prisons … the Attorney General or any individual authorized by the Attorney General or the Director of the Bureau of Prisons may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, … The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

The first clause of the statute establishes the condition precedent that the individual must be in the custody of the Bureau of Prisons.

The Petitioner failed to prove by clear and convincing evidence that the Respondent was in the lawful custody of the Bureau of Prisons at the time the petition was lodged against him. The Bureau of Prisons must credit the Respondent with the time he spent in federal custody before he was sentenced on his federal charges. 18 U.S.C. §3585(b)(1) or b(2). See *Kayfez v. G.R. Gasele*, 993 F.2d 1288 (7th Cir. 1993).[3] The USSM itemization of the number of days it paid for Respondent's room and board at

---

[3] A Westlaw search of the *Kayfez* decision revealed fifty-two citations to it. Eleven were from the Third and Seventh Circuits; forty-one were from various District Courts, none of which were in New England.

7

a local facility evidences the contention that the Respondent was in federal custody before he was sentenced. Therefore, he should have received credit for the time served. See *Willis v. United States,* 438 F.2d 923, 925 (5th Cir. 1971). Cf. *United States v. Wilson,* 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)[The award of credit against sentences should not depend arbitrarily upon the sequence of state and federal sentences.]

As set forth above, had the Respondent received credit for time served, he would have been released before the effective date of 18 U.S.C. §4248 and long before the date of filing of the instant petition.

## CONCLUSION.

This Honorable Court should dismiss the Petition on the grounds that the Government failed to prove by clear and convincing evidence that the Bureau of Prisons had the Respondent in lawful custody at the time he was first certified as a sexually dangerous person and the petition was filed against him.

Dated at Northampton, February 17, 2011.

Respectfully submitted,
The Respondent by his attorney
/s/*Harry L. Miles*
Harry L. Miles, of
*Green, Miles, Lipton & Fitz-Gibbon LLP*
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Voice:     413.586.8218    Fax: 413.584.6278
Email:     harrymiles@aol.com
BBO#:      345800

Certificate of Service: I certify that this document filed through the ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) and paper copies will be delivered to those indicated as non-participants on December 20, 2010.

      /s/*Harry L. Miles*
       Harry L. Miles