UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOEL WETMORE, )<br>)<br>Respondent. )<br>) | Civil Action No. 07-12058-PBS |

**ORDER OF CONDITIONAL RELEASE PURSUANT TO 18 U.S.C. § 4248(e)**

By Order dated March 2, 2011, Respondent Joel Wetmore was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4248(d), until his condition was such that he would no longer be sexually dangerous to others, or until his condition was such that he would not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment. See Doc. 193.

This Court, having reviewed the opinion of Wetmore's treating and forensic psychologists, concludes that Wetmore's condition is such that he will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment, and may be conditionally released under the following prescribed regimen of medical, psychiatric, and psychological care as set forth in this order.

Therefore, it is hereby ORDERED, pursuant to the provisions of 18 U.S.C. § 4248(e) that Wetmore be conditionally released under the following specific regimen of care and treatment as detailed and prescribed by his mental health providers:

1. Respondent shall reside at Pharos House, a Residential Reentry Center in Portland, Maine, for a period of up to 12 consecutive months. Respondent shall reside at Pharos House as soon as practicable following release, once a bed becomes available and all administrative and other logistical details have been finalized between and among the Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation Office regarding Mr. Wetmore's transfer out of the Donald W. Wyatt Detention Facility. At Pharos House, Mr. Wetmore shall observe the rules of that facility and of the supervising officer.

2. Respondent shall comply with the medication program prescribed by a licensed medical practitioner. Respondent's medication program shall include monthly testing of Respondent's testosterone levels.

3. When Respondent's Probation Officer deems it appropriate for him to transition out of Pharos House, Respondent shall reside at a residence that is pre-approved by a supervising Probation Officer.

4. Respondent shall comply with the conditions of home confinement for a period not to exceed 12 consecutive months. During this time, Respondent shall remain at his residence except for employment and other activities approved in advance by the supervising officer, and shall comply with the program agreement and electronic monitoring procedures as directed by the supervising officer. Respondent shall pay/co-pay for services, directly to the monitoring company, to the supervising officer's satisfaction. During the home confinement period, the Court authorizes a search of

Respondent's geographic location and movements by the probation office via the program's equipment.

5. A United States Probation Officer may conduct a search of Respondent and of anything Respondent owns, uses, or possesses if the officer reasonably suspects that Respondent has violated a condition of supervised release and reasonably suspects that evidence of the violation will be found in the areas to be searched. Searches must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release.

6. Respondent shall participate and comply with the requirements of the Computer and Internet Monitoring Program (which may include partial or full restriction of computer(s), internet/intranet, and/or internet-capable devices), and shall pay for services, directly to the monitoring company. Respondent shall submit to periodic or random unannounced searches of his/her computer(s), storage media, and/or other electronic or internet-capable device(s) performed by the Probation Officer. This may include the retrieval and copying of any prohibited data. Or, if warranted, the removal of such system(s) for the purpose of conducting a more comprehensive search.

7. Respondent shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the Probation Officer, the Bureau of Prisons, and any state sex offender agency in which he or she resides, works, visits or is a student, or was convicted of a qualifying offense.

8. Respondent shall fully participate in sex offender treatment as directed by the Probation Officer. Respondent shall pay/co-pay for services during such treatment, to the

supervising officer's satisfaction, and shall abide by all policies and procedures of that program.

9. Respondent shall submit to periodic random polygraph examinations as directed by the Probation Officer to assist in treatment and/or case planning related to behaviors potentially associated with sex offense conduct. No violation proceedings will arise solely on Respondent's failure to pass a polygraph examination, or on Respondent's refusal to answer polygraph questions based on 5th amendment grounds. Such an event could, however, generate a separate investigation. Respondent shall pay/co-pay for such services to the supervising officer's satisfaction.

10. Respondent shall not associate, or have verbal, written, telephonic or electronic communication, with persons under the age of eighteen, except in the presence of a responsible adult who is aware of the nature of Respondent's background and current offense, and who has been approved by the Probation Officer. This restriction does not extend to incidental contact during ordinary daily activities in public places.

11. Respondent shall not commit a federal, state, or local offense.

It is further ORDERED, pursuant to the provisions of 18 U.S.C. § 3603(8) and (10), that Wetmore's release under these conditions shall be supervised by United States Probation, that United States Probation shall report to the Court as provided in those provisions and that United States Probation shall also provide annual reports to this Court concerning Wetmore's compliance with the conditions of release.

It is further ORDERED that United States Probation may seek modification of these conditions and that Wetmore may petition the Court for modification of these conditions.

Upon receipt and verification of this Order of Conditional Release, Mr. Wetmore's brother, Neal Wetmore, will pick up Mr. Wetmore at the Donald W. Wyatt Detention Facility and shall transport him directly to the Pharos House in Portland, Maine. Wetmore shall receive a 60-day supply of his medication upon release from Wyatt.

SO ORDERED, on this the _____ day of December, 2018.

_____
HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT